## FRIEDRICH V. FERGEN.

1. Where the owner of an undivided interest in land sues his co-owners for his share of the profits of the resale, the action will not be dismissed on the theory that it is one to settle adverse claims to realty, which will not lie by one not in possession.

2. Inasmuch as the submission to arbitrators may be revoked any time before the award, the action of the court in refusing to dismiss an action will be deemed proper where it appeared from the record that proper notice of a revocation of the submission was given, and it did not appear when the award was made.

3. Where, in an action by one co-tenant to recover profits of a resale from another co-tenant, it appeared that defendant had placed improvements on the land, and the question of defendant's honesty of intention was one of fact for the court, a finding thereon, not being against a clear preponderance of the evidence, will not be disturbed.

[Opinion filed April 1, 1902.)

Appeal from circuit court, Hutchinson county. HON. E. G. SMITH, Judge.

Action by George Friedrich against Anthon Fergen. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

*W. J. Hooper,* for appellant.

*J. G. Hawley* and *French & Orvis,* for respondent.

HANEY P. J. It is alleged in the complaint that the plaintiff and the defendant made a contract with Jacob Schaetzel whereby the latter, in consideration of $700, was to convey to them certain lots in Parkston; that, in pursuance of such contract, Schaetzel and wife executed, acknowledged, and delivered to the defendant a warranty deed, in which the plaintiff and the defendant were named as grantees; that after receiving such deed the defendant fraudulently erased, or caused to be erased, the plaintiff's name as grantee therein, and then recorded the same; that before this action was commenced the defendant sold nearly all of the lots, receiving therefore more than $7,000 in excess of the consideration, which plaintiff and defendant agreed to pay Schaetzel, all of which he has appropriated to his own use; and that before this action was begun the plaintiff frequently demanded of the defendant that he account

with and pay over to him one-half of the profits realized from the lots sold, and that he convey a one-half interest in the remainder, with which demands the defendant refused to comply. Defendant admits in his answer that the plaintiff and defendant agreed to purchase the lots, and that a warranty deed conveying them, wherein the plaintiff and defendant were named as grantees, was executed by Schaetzel and his wife, but he alleges that the plaintiff refused to comply with his part of the contract in reference to the payment of his one-half of the purchase price, renounced all interest in the contract, and authorized the defendant to pay for the lots with his own money and security, and to take title in his own name; that these facts were brought to the knowledge of Schaetzel, who released the plaintiff from all liability on the contract, and accepted the defendant as sole purchaser; that thereupon the deed was changed to conform to the new arrangement, by erasing the plaintiff's name as grantee; and that as so changed it was delivered to the defendant. In a supplemental answer it is alleged that after issue was joined, and while the action was pending, the parties entered into a written contract whereby it was agreed that the entire controversy should be submitted to three arbitrators to be chosen by the plaintiff, the parties to accept and be bound by a award of such arbitrators; that arbitrators were selected, who tried and determined the issues so submitted; and that they rendered an award in writing, which is in full force and effect. It is also alleged by way of counterclaim that the defendant expended at the plaintiff's special instance and request, in purchasing the lots described in the complaint, including interest, the sum of $433.17, which was to be returned to him when demanded, no part of which has been paid, though payment has often been requested. For a second counterclaim it is alleged that the defendant has paid taxes on the lots, including in-

terest, in the sum of $123.54, for the plaintiff, which he has not repaid. And for a third counterclaim it is alleged that after the purchase of the lots the defendant, in good faith, placed valuable improvements thereon to the amount of $2,500, believing that he had a good and legal title to the premises, no part of which has been paid by plaintiff to defendant; that such improvements are of a permanent character, and were placed on the premises while the defendant was holding the same under color of title, adverse to the claim of the plaintiff, in good faith, and under the belief that he had a good, perfect, and substantial title. It is further alleged that the value of the lots whereon the improvements were placed, aside from such improvements, is $280. The allegations of each counterclaim are denied, except that certain improvements were placed on part of the lots described in the complaint. On the trial of the issues raised by the complaint and original answer a jury found that the deed from Schaetzel and wife was altered after it was delievered to the defendant, and before it was recorded. At the time these issues were tried, defendant was granted leave to amend his answer by pleading a counterclaim, and it was agreed that the issues raised by the counterclaim and reply thereto should be tried by the court upon ten days' notice of either party. Subsequently such issues were so tried, and the court gave its decision in writing, stating its conclusions as follows: "(1) That, by the execution and delivery of the deed referred to in the second finding of fact herein, the title to all the lots in said deed described was conveyed to the plaintiff, George Friedrich, and the defendant, Anthon Fergen, and by reason of the execution and delivery of said deed said Anthon Fergen and said George Friedrich each became the owner of an undivided one-half interest in and to all of said lots, and they were the owners of the same as tenants in common. (2) That the erasure of the name

of George Friedrich from said deed as one of the grantees therein had no effect whatever upon the title to said lots previously conveyed by said deed.   (3) That all the lots described in deeds subsequently executed by the defendant, Anthon Fergen, in favor of divers persons, conveyed only the undivided one-half interest owned by Anthon Fergen in the lots described in said deeds to the persons named in said deeds as grantees.   (4) That the plaintiff, George Friedrich, as between himself and the defendant, Anthon Fergen, is now, and at all times since the 15th day of August, 1889, has been, the owner of an undivided one-half interest in and to all of the lots described in the deed referred to in the third finding of fact herein.   (5) That the plaintiff, George Friedrich, is entitled to judgment in this action decreeing him to be the owner, as tenant in common, of an undivided one-half interest in and to all of the lots described in the first finding of fact herein.   (6) That the defendant, Anthon Fergen, is not entitled to counterclaim or set off the value of improvements made by him upon the lots in block twelve described in said deed, or to the taxes, or any part thereof, paid by him upon the lots, or any of them, described in the first finding of fact herein.   (7) The plaintiff, George Friedrich, is entitled to judgment against the defendant, Anthon Fergen, for his costs and disbursements in this action."

It is contended that the court erred in refusing to sustain defendant's motion to dismiss the action at the close of the plaintiff's testimony for the reason that it is one in equity to settle adverse claims to real estate—plaintiff having failed to prove possession in himself—and in refusing to sustain the same motion made at the close of all the testimony.   This contention is not tenable.   The complaint certainly states a cause of action.   If there was any issue raised by the pleadings which was not submitted to a jury, the right to have it so submitted was waived by the agreement of the parties,

and the failure of the defendant to make timely objection to the methods pursued in determining the facts.

It is further contended that the court erred in refusing to dismiss the action because the controversy involved therein had been submitted to arbitration, and an award had been made during its pendency. It appears from the record that, after the agreement to arbitrate was signed by the parties, it was stipulated by their respective counsel, in open court, that the action should be continued pending a settlement, and this stipulation was entered on the minutes of the court. In view of this stipulation, the agreement to arbitrate did not discontinue the action. 2 Am. & Eng. Enc. Law, 568. At common law a submission may be revoked by any of the parties thereto at any time before the award is made. Nor is this right taken away by an express stipulation in the submission that it shall be irrevocable. But after an award is once made the submission can no longer be revoked by either party without the other's consent. 2 Am. and Eng. Enc. Law, 594—597. As there seems to be no statute on the subject in this state, the common law pre-vails. Laws 1890, Chap. 105. The allegations of the supplemental answer respecting the submission and award are to be deemed controverted by the plaintiff upon a direct denial or avoidance, as the case may require. Comp. Laws, § 4933. It appears from the record that the submission was revoked by the plaintiff, by notice in writing personally served on the defendant, October 24, 1895, and the record is silent as to when the award was made. It is therefore the duty of this court, for the purpose of sustaining the action of the court below, to presume that the submission was properly revoked. For the same reasons, the court did not err in denying defendant's motion to dismiss, made at the October term, 1895.

It is also contended that the court erred in refusing to allow the

defendant the value of his permanent improvements and the taxes paid by him. On this issue the court found· "that the defendant, Anthon Fergen, at the time.of making said permanent improvements, and all the times since the 15th day of August, 1889, claimed title, under the deed referred to in finding of fact No. 2 herein to all of the lands described in the deed referred to in the second finding of fact herein, but said claim of title was not in good faith." "Good faith consists in an honest intention to abstain from taking any unconscientious advantage of another, even through the forms or technicalities of law, together with an absence of all information or belief of facts which would render the transaction unconscientious." Comp. Laws, § 4739. The honesty of the defendant's intention in the peculiar transaction disclosed by the evidence was a question of fact for the trial court to determine. We think its finding is supported by the evidence. In any event, there is not a clear preponderance against such finding, and it cannot be disturbed. The judgment is affirmed.